**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

**Greenbaum, Rowe, Smith & Davis LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for Debtor
David L. Bruck, Esq.

In re:

**TAU EPSILON PHI FRATERNITY, INC.,**

　　　　　　　　　　Debtor.

Chapter 7 Proceeding

**Case No. 11-11844-GMB**

## APPLICATION IN SUPPORT OF MOTION FOR THE ENTRY OF AN ORDER APPROVING SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN THE SETTLING PARTIES, PURSUANT TO FED.R.BANKR.P. 9019

**TO:    HON. GLORIA M. BURNS
        UNITED STATES BANKRUPTCY JUDGE**

　　　　Greenbaum, Rowe, Smith & Davis LLP, counsel to the Debtor and George Hasenberg, Clinton Hasenberg, Glenn S. Linder, Louis Degan, Brian Barrick, Mark L. Kay, and Theodore Bradpiece (the "Directors and Officers"), submits this Application in Support of its Motion (the "Motion") for the entry of an Order, pursuant to Fed.R.Bankr.P. 9019, approving Settlement and Release Agreement By and Between the Settling Parties, and respectfully represents as follows:

### BACKGROUND

　　　　1.　　On January 24, 2011, (the "Petition Date"), Tau Epsilon Phi Fraternity, Inc. ("TEP" or the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq. (the "Bankruptcy Code"), and there by commenced the captioned bankruptcy case.

2.     On January 25, 2011, the Office of the United States Trustee appointed Joseph Marchand, Esq. as the Chapter 7 Trustee in this matter.

3.     On September 1, 2010, Nathaniel Broughty, individually and on behalf of others claiming to be similarly situated, filed a Complaint with the Supreme Court of New York, Index No. 651430/2010 (the "New York Action").  Broughty alleges therein that he and others named as party plaintiffs constitute five percent (5%) of the membership of Tau Epsilon Phi Fraternity, Inc.   The New York Action seeks the dissolution of TEP, equitable, penalty and monetary claims against the Directors and Officers, and the appointment of a Receiver to hold an election of directors and officers.

4.     On January 18, 2011, an Order was entered in the New York Action staying further proceedings therein and appointing a Receiver with certain enumerated powers including formulating elections.  While the Receiver was appointed, the filing of the bankruptcy by TEP on January 24, 2011 stayed any further action.

5.     On February 28, 2011, Nathaniel Broughty, individually and on behalf of 112 similarly situated individuals identifying themselves to be the "TEP Brotherhood" filed a Motion to Dismiss the Chapter 7 of TEP.

6.     On March 28, 2011, a hearing was held before the Honorable Gloria M. Burns.  The hearing was continued originally to April 14, 2011 and then to April 28, 2011.

## THE SETTLEMENT AND RELEASE AGREEMENT

7.     TEP, the Directors and Officers and Broughty (the "Settling Parties[1]") have negotiated a Settlement and Release Agreement (the "Settlement Agreement") with respect to all claims that have been asserted, or could have been asserted, in the

---

[1] As of the date of the filing of this Application, the Trustee has advised that he is not in agreement with some of the terms of the Settlement Agreement.

1299916.02

2

Bankruptcy Court and in the New York Action. A copy of the Settlement Agreement is attached hereto as **EXHIBIT A**.

8.    The salient terms of the Settlement Agreement are as follows[2]:

a.    Upon the Effective Date as that term is defined in the Settlement Agreement, following the entry of the Approval and Dismissal Order, Broughty shall deposit with the Trustee sufficient monies to pay for the Trustee's fees and commissions, administrative expenses, and so much as is required to pay for adequate liability insurance for TEP for at least ninety (90) days.

b.    As soon as is practicable, the Bankruptcy Case shall be dismissed. TEP will be responsible for the payment of the claims of its creditors as set forth in the Petition and otherwise in the ordinary course.

c.    The automatic stay shall be vacated to permit the Settling Parties to move before the New York Supreme Court with jurisdiction over the New York Action to dismiss all claims against the Directors and Officers. The Directors and Officers shall consent to the formulation of and holding of elections by the Receiver appointed in the New York Action and the jurisdiction of the New York Supreme Court to resolve all matters in the New York Action.

d.    The parties to the Settlement Agreement generally release each other as of the Effective Date. Representations have been made by the Directors and Officers to Broughty that they have not looted or in any way wasted or diverted funds or assets of TEP.

---

[2] This recitation is intended as a summary only. Interested parties are encouraged to review the entire Settlement and Release Agreement attached hereto as **EXHIBIT A**. To the extent of any discrepancy between this summary and the Settlement and Release Agreement, the terms of the Settlement and Release Agreement shall control.

1299916.02

e.     The parties shall not further defame or impugn the integrity of each other in the press, internet or social media.  The parties shall cooperate with each other in removing defamatory information from social media.

f.     The Directors and Officers shall, prior to their resignation, appoint an interim Board of Directors for TEP which shall serve pending the holding of elections. The persons so appointed are as selected by Broughty and the Directors and Officers have no responsibility for acts taken by the interim board, nor for the qualifications of the persons selected by Broughty for the interim board.

g.     The Settlement Agreement, upon entry of an Order approving the same, shall be binding upon all parties thereto, their successors and assigns.  It is intended that the Settlement Agreement bind the constituency of TEP including chapters, members and alumnae.

9.     For the reasons set forth below, Greenbaum, Rowe, Smith & Davis LLP as counsel to TEP and the Directors and Officers, submits that the Settlement Agreement should be approved, as it represents reasonable compromises and is in the best interest of the Bankruptcy Estate of TEP, the Directors and Officers, and Tau Epsilon Phi Fraternity.

## JURISDICTION

10.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

11.     Venue is proper pursuant to 28 U.S.C. §1409(a).

## RELIEF REQUESTED

12.     Rule 9019(a) of the Federal Rules of Bankruptcy Procedure authorizes a court, after notice and a hearing, to approve a compromise or settlement of a controversy. Although Rule 9019(a) contains no standards for judicial approval of a

4

settlement, case law directs the Court to determine whether the settlement is "fair and equitable" and "in the best interests of the estate." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry. Inc. v. Andersen, 390 U.S. 414, 424 (1968). The settlement need not be the best that could have been achieved, but only must not "fall below the lowest point in the range of reasonableness." In re Drexel Burnham Lambert Group. Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citations omitted).

13.    In examining a settlement agreement, a court should refrain from deciding the numerous questions of law and fact. Travelers Cas. & Sur. Co. v. Future Claimants Representative, 2008 U.S. Dist. LEXIS 23496, 12-13 (D.N.J. Mar. 25, 2008) (citing In re WT Grant Certificate of Occupancy, 699 F.2d 599, 608 (2d Cir. 1983)).

14.    "[T]he decision whether to approve a compromise under Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997) (declining to approve settlement found to be a *sub rosa* plan); see In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998) (proposed settlement approved as being in the best interest of the estate).

15.    The "best interest" test requires a trustee or debtor-in-possession to show that a settlement or compromise is "fair and equitable." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 88 S. Ct. 1157, 1163 (1968); In re Mavrode, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).

16.    The United States Court of Appeals for the Third Circuit recognizes that settlements are favored in bankruptcy in order to minimize litigation costs and to expedite administration of the estate. See In re Martin, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a settlement, a bankruptcy court must "assess and balance the value of the claim that is being compromised against the value to the estate

5

of the acceptance of the compromise proposal." Id. at 393.  Taking its cue from the Supreme Court in TMT Trailer Ferry, the Third Circuit has followed the Supreme Court and set forth the following four factors that a bankruptcy court must consider in determining whether a settlement should be approved: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of creditors. Id. (citation omitted).

17.    The application of the aforementioned Martin factors to the instant case demonstrates that the Settlement Agreement is fair and equitable, in the best interests of the bankruptcy estate, and clearly falls above the "lowest point in the range of reasonableness" and, therefore, should be approved.

**Probability of Success**

18.    The first Martin factor, the probability of success in litigation against the Settling Parties, supports approval of the Settlement Agreement.  The litigation has and continues to be contentious.  The issues are complex.  Based on the claims asserted by both sides in the Motion to Dismiss, there is substantial risk for both sides.  The parties have entered into the settlement to avoid further expense and time in protracted litigation that will further hurt TEP.  Dismissal of the Bankruptcy Case is a worthwhile goal.  Accordingly, this prong of the Martin test weighs in favor of approving the Settlement Agreement.

**Difficulty of Collection**

19.    The second Martin factor, difficulty of collection, also weighs in favor of approving the Settlement Agreement.  Further litigation between the parties will not benefit the Bankruptcy Estate, but will further mire the litigants in expense and will not be productive.

20.     The Settlement Agreement avoids the need for further litigation and the Estate will not be forced to expend any funds for payment of litigation of the issues raised in the Motion to Dismiss.

21.     Therefore, this prong of the <u>Martin</u> test supports approving the Settlement Agreement.

## Complexity of the Litigation

22.     The third <u>Martin</u> factor -- complexity, expense, inconvenience, and delay of the litigation -- weighs heavily in favor of approval of the Settlement Agreement.  The issue of standing to bring the Motion to Dismiss is complex.   Moreover, the unsuccessful party to such litigation would have the right to appeal, further postponing any resolution.   Given the potential uncertainty of the outcome and the expense of litigating the issues at hand, the Settlement Agreement offers the most reasonable resolution of the parties' disputes.

## Paramount Interests of Creditors

23.     The paramount interests of the creditors, the final <u>Martin</u> factor, strongly supports the approval of the Settlement Agreement.   The proposed Settlement Agreement clearly is in the best interests of the Estate and its creditors, because they, among other things, fully and finally resolve the claims asserted by Broughty against the Directors and Officers in the New York Action, alleviating the need for further litigation. Additionally, all administrative expenses will be paid by Broughty and TEP will pay its creditors in the ordinary course of business.

24.     For these reasons, Greenbaum, Rowe, Smith & Davis LLP submits that the proposed settlement is fair, reasonable, and in the best interests of creditors. Accordingly, the Settlement Agreement should be approved.

1299916.02

25.    No previous request for the relief sought herein has been made to this or any other Court.

26.    Pursuant to D.N.J. LBR 9013-2, Greenbaum, Rowe, Smith & Davis LLP respectfully requests that the Court waive the requirement for a separate memorandum of law in support of this Motion.  No memorandum of law is necessary because no novel issues of law are presented herein.

**WHEREFORE,** based upon the foregoing, Greenbaum, Rowe, Smith & Davis LLP respectfully requests that the Court grant the Motion and grant such other relief as it deems just and proper.

Respectfully submitted,

**Greenbaum, Rowe, Smith & Davis LLP**
Attorneys for the Debtor and the
Directors and Officers of Tau Epsilon
Phi Fraternity, Inc.

*/s/David L. Bruck*

By:    _____
David L. Bruck, Esq.

**DATED:**    **April 28, 2011**

1299916.02

# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT and RELEASE AGREEMENT (the "Agreement") is made this ___ day of April, 2011 by and between **TAU EPSILON PHI FRATERNITY, INC.** ("TEP"), **JOSEPH MARCHAND**, the Chapter 7 Trustee for TEP (the "Trustee"); **GEORGE HASENBERG, CLINTON HASENBERG, GLENN S. LINDER, LOUIS DEGAN, BRIAN BARRICK, MARK L. KAY and THEODORE BRADPIECE** (the "Directors and Officers"); and **NATHANIAL BROUGHTY**, individually and in his representative capacity as the named party on behalf of those individuals identified as the plaintiffs in the New York Action and the movants in the Bankruptcy Action ("Broughty"), all c/o **GRABER MEDINA LLC. (**TEP, the Trustee, the Directors and Officers, and Broughty are hereafter referred to collectively as the "Settling Parties").

WHEREAS, on or about January 24, 2011, TEP filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey under Case No. 11-11844-GMB (the "Bankruptcy Action"); and

WHEREAS, on or about January 24, 2011, Joseph Marchand was appointed as the Chapter 7 Trustee for TEP (the "Trustee"); and

WHEREAS, on or about September 1, 2010, Broughty commenced litigation in the Supreme Court of the State of New York, entitled Nathaniel Broughty, et al. v. George Hassenberg, et al., Index No. 651430/10 (the "New York Action"), alleging claims against the Directors and Officers and seeking the appointment of a Receiver. On January 18, 2011, an Order was entered in the New York Action appointing Robert Abrams as Receiver with certain limited powers; and

WHEREAS, as a result of the filing of the Bankruptcy Action and the imposition of the automatic stay pursuant to the provisions of 11 U.S.C. §362, the New York Action was stayed and the Receiver has taken no action; and

WHEREAS, on February 28, 2011, Broughty filed a motion to dismiss the Bankruptcy Action and on March 28, 2011, a hearing was held before the Honorable Gloria M. Burns, U.S.B.J. and the hearing was further carried with the consent of all parties to April 28, 2011; and

WHEREAS, the Settling Parties have, in preparation for the hearing scheduled for April 28, 2011, subpoenaed various parties for depositions; and

WHEREAS, the Settling Parties have negotiated an amicable resolution of all disputes between them including, but not limited to, those arising in the New York Action and in the Bankruptcy Action. It is intended that upon entry of a Final Order approving the within settlement (the "Approval and Dismissal Order"), the Settling Parties shall jointly apply to the New York Court having jurisdiction over the New York Action for entry in the New York Action of this Stipulation of Settlement seeking, among

other things, dismissal with prejudice of all claims by the Plaintiffs therein against the Directors and Officers in accordance with the terms of this Settlement Agreement.

**NOW, THEREFORE**, in consideration of the foregoing, and other good and valuable consideration, the Settling Parties, intending to be legally bound and to bind their successors and assigns by and to this Agreement, agree as follows:

1.    The within settlement shall, upon entry of an Order, in the form as annexed hereto as **EXHIBIT A**, approving this settlement and dismissing the Chapter 7 Bankruptcy Case of TEP and vacating the automatic stay so as to permit the remittance of all non-bankruptcy matters to the New York Supreme Court, New York County (the "Approval and Dismissal Order"), shall be effective and binding upon the parties to this Settlement, their successors and assigns.   For purposes of this Agreement, the date that the Approval and Dismissal Order becomes final shall be deemed the Effective Date.  Notice of Motion seeking Court approval of this settlement is to be served upon the Trustee and all scheduled creditors in the Bankruptcy Action by Greenbaum, Rowe, Smith & Davis LLP; and upon all parties in the New York Action and the Receiver appointed in the New York Action by Graber Medina LLC. Certifications of Service shall be filed with the Clerk of the Bankruptcy Court.  It is intended that this settlement result in a complete and final resolution of all disputes between the Settling Parties concerning TEP, including the ongoing litigation and all derogatory or defamatory comments made on the internet, in the press and otherwise, by and among the Settling Parties against each other.

2.    Upon the entry of the Approval and Dismissal Order and as a condition thereof, Broughty shall pay to the Trustee such monies in escrow as shall be required by the Trustee to satisfy the Trustee's reasonable fees and commissions and other administrative expenses as approved by the Court; and shall provide the Trustee with proof of the existence of adequate liability insurance listing TEP as an insured for at least ninety (90) days.  All liabilities scheduled in the Bankruptcy Petition, except for those which are specifically excluded by this agreement, shall be the responsibility of TEP to pay or dispute in the ordinary course of business except for those liabilities which have been liquidated to judgment against TEP, which shall be paid.  The Officers and Directors warrant that, to the best of their knowledge, no such judgments exist. Upon his receipt of such funds, the Trustee shall consent to the dismissal of the Chapter 7 and shall advise the Settling Parties of his receipt thereof and shall hold and retain such funds in escrow for the purposes as intended and disburse such funds only pursuant to an order of this Court and only in accordance with the foregoing instructions.  Any balance shall be remitted to TEP to be administered by the Interim Board.  Should the full terms of this settlement not be implemented for whatever reason, the Trustee agrees to immediately return all monies to Broughty.  Upon the Effective Date, the Trustee shall turn over all books, records and assets, whether tangible or intangible, to Graber PLLC and conclude his service as Trustee for TEP except as required to effectuate dismissal of this Bankruptcy.

3.    Upon the Effective Date and satisfaction of the provisions of paragraph 2 above, the Trustee shall release the Directors and Officers and Broughty from any and

all claims owned or belonging to him as Trustee of TEP contingent upon and subject to the limitations as set forth in paragraph 7 below upon said release in this Agreement; and the Directors and Officers and Broughty release the Trustee from any and all claims arising from this matter. Said releases shall be effective as of the Effective Date but shall be explicitly contingent upon implementation of the terms of this Agreement.

4.    Broughty, TEP, and the Directors and Officers release and agree to hold each other harmless from any and all claims which one has against the other including, but not limited to, claims which were or which could have been filed in the New York Action or arising from or in any way related to the management of TEP and the performance of the duties of the Directors and Officers as directors, officers or employees of TEP, subject to the limitations as set forth in paragraph 7 hereafter upon said release in this Agreement and excluding any claims belonging to or inuring to the benefit of Tau Epsilon Phi Foundation, Inc. In this regard, the Directors and Officers represent and warrant that, to the best of their knowledge and belief, and upon reasonable investigation, they have properly managed the affairs of TEP during their tenure and been materially truthful in their statements to both the New York and Bankruptcy Courts. The Directors and Officers have no claims against TEP and are not due any monies, wages or benefits whatsoever from TEP except as provided in paragraph 7 below. The Directors and Officers, in their individual capacity, hereby release TEP to the maximum extent permitted by law from any and all manner of claims, demands, causes of action, obligations, damages, or liabilities whatsoever of every kind and nature, at law or in equity, known or unknown, and whether or not discoverable, which they have or may have had, including, but not limited to, any claim of wrongful discharge, breach of contract, claims for unpaid wages and claims of discrimination under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, and all other federal, state and local laws, including but not limited to claims arising under State or Federal Labor Law, and any claim for attorneys' fees or costs incurred in pursuing or defending this or any other legal claim. These releases are intended to be full, complete and general releases except to the extent the assurances by the Directors and Officers in this Agreement are false. Broughty represents and warrants that neither he, individually, nor any of the persons for whom he serves as a named party, have assigned their claims to any third parties; nor will he or they directly or indirectly seek to pursue any released claims against the Directors and Officers in any way; it being intended that this Settlement Agreement bring finality to these disputes. These releases shall be in effect as of the Effective Date.

5.    The Directors and Officers, through counsel, shall within one business day of agreement by the Settling Parties to the form of this Agreement, file a motion in the Bankruptcy Court seeking approval of this Settlement Agreement and dismissal of the Chapter 7 on short notice, or as the Court may direct, including the entry of an Order permitting the Notice of the Settlement and Dismissal to be published by Greenbaum on TEP's website and to serve as notice to the TEP membership of the hearing to approve this Settlement. Broughty agrees to cooperate with Greenbaum in providing access to the website, if requested. Once said motion is granted and the automatic stay is vacated, all matters shall return to and be handled in the New York Supreme

Court, New York County which shall have exclusive jurisdiction over all further matters, including but not limited to, the holding of a member election.

6.      The Settling Parties represent and warrant that they shall not individually or collectively further defame one another in the press, on the internet, in the social media, or in any other manner. Nothing in this settlement shall be construed to infringe upon any party's First Amendment Free Speech rights, but rather is intended to fully and finally settle any defamation claims which may exist and enjoin future defamation. No action will be taken by Broughty which would interfere with the ability of the Hasenbergs to look to any unemployment insurance policy to collect unemployment payments as former employees of TEP but the Hasenbergs individually, and the Directors and Officers, hereby waive and agree not to seek or collect any payments or benefits of any sort from TEP including but not limited to severance, continuing medical insurance or any other form of compensation or benefit. All Settling Parties recognize that further criticism or derogatory statements are unwarranted and are not in the spirit of this Settlement Agreement.

7.      The Officers and Directors represent and warrant that the assets and liabilities of TEP as set forth in the Chapter 7 Petition are materially complete and accurate and that they have not transferred assets to any third party nor to any of themselves nor are they aware, after exercising due diligence, of any embezzlement of the funds of TEP or illegal or undisclosed payments by TEP to the Directors and Officers or related persons or entities at any time. The Officers and Directors further represent and warrant that no payments or disbursements of any sort were made of TEP funds to any of them personally, or any related person or entity, other than base salary and minor reimbursement for expenses incurred on behalf of TEP in the ordinary course of business in line with prior years (and specifically excluding any severance, bonus payments or the like) from January 1, 2010 to present. The releases herein are explicitly contingent upon the truth and accuracy of the foregoing representations and warranties and shall be null void if the same are materially false.

8.      Broughty accepts said representations in paragraph 7 and relies upon the same in withdrawing allegations of embezzlement, "looting" and conversion of TEP assets by the Directors and Officers as set forth in the pleadings in the New York Action. Broughty further disavows any and all accusations and postings which impugn the integrity or demean the character of any and all of the Directors and Officers in reliance upon the representations in paragraph 7.

9.      The Settling Parties agree that the Joint Press Release annexed hereto as **EXHIBIT B** shall be the only press release given to the media in this matter and that no party shall give an interview or comment to the press regarding this matter that is not in the spirit of this Agreement. Broughty shall specifically remove from the public media the YouTube video of the protest at Hasenberg's residence, and any and all other similar YouTube videos identified by the Directors and Officers. To the extent that derogatory blogs or comments are posted on the internet, the Settling Parties shall cooperate with each other and use their best efforts to remove all such blogs or

postings; provided that to the extent the postings are archived or otherwise not retrievable, the party wishing to remove the same shall do so at its own expense, if any.

10.     The automatic stay is immediately vacated upon the Effective Date to allow the Settling Parties to jointly proceed in the New York Action to enter this settlement in connection with a Stipulation of Dismissal with Prejudice as to all claims which seek penalties, damages and equitable relief (the "Claims") against the Directors and Officers and for all other purposes. The Directors and Officers further agree not to take any action which would further stay the New York Action and explicitly consent to the waiver of any automatic stay. The Directors and Officers consent to the entry of judgment in the New York Action to further the purpose of transferring matters of governance to the interim board of directors and to permit the formulation of an election plan and scheduling and completing the same; and agree not to interfere or otherwise seek to stay, delay or otherwise disrupt the elections or transfer of governance. The Directors and Officers agree not take any action of any sort, including any legal action or make any further bankruptcy filing on behalf of TEP, which would in any way interfere with a member election or any action by the New York Court or appointed Receiver in the New York Action to prepare for, schedule and hold an election of new officers and directors subject, however, to consent by the Receiver to the dismissal with prejudice of the above-stated Claims against the Directors and Officers. The Receiver and the New York Attorney General shall be timely notified of this Settlement by Graber Medina LLC.

11.     The Directors shall, upon the Effective Date and concurrent with their resignations, appoint an interim Grand Council (Board of Directors) for TEP comprised of the individuals identified in **EXHIBIT C**. The interim Grand Council has been selected by Broughty and the Directors and Officers have not participated in such selection nor have they considered in any way the qualifications of the proposed members of the interim board. The interim Grand Council shall act on behalf of TEP in all matters pending an election. Broughty indemnifies and agrees to hold the Trustee harmless from any and all claims, costs and damages which may be alleged against him by virtue of appointment of the interim Grand Council or the management of TEP by the interim Grand Council. Broughty indemnifies and agrees to hold the Directors and Officers and the Trustee harmless from any and all claims, costs and damages which may be alleged against them by virtue of their appointment of the interim Grand Council or the management of TEP by the interim Grand Council subject to any limitations in this Agreement. The Interim Board of Directors shall not take any action against the Directors and Officers and shall comply with the provisions of this Agreement.

12.     The Directors and Officers have signed this Agreement in their capacity as such and in their individual capacity. The Directors and Officers acknowledge that they have been personally named in the New York Action and understand that they may have conflicts as between themselves and other Directors and Officers or as between themselves and their duties as Directors and Officers of TEP. In that regard, they have consulted with attorneys of their choosing before signing this Agreement, have

knowingly waived any and all conflicts of interest which may exist, and agree to be individually bound by this Agreement.

13.    Upon the Effective Date and after the appointment of the interim board, the Directors and Officers shall tender their resignations as Directors and Officers of TEP and agree not to seek reelection at any time nor serve in any capacity as an Officer, Director or in any other position within TEP or on its Grand Council, including without limitation any *ex officio* or other positions they may otherwise have been entitled to hold by virtue of their former status as Directors and/or Officers or members of TEP's Grand Council. The Directors and Officers hereby forever waive any rights they may have otherwise been entitled to by virtue of having served as Officers and Directors or on TEP's Grand Council.

14.    The Directors and Officers may remain as members of TEP, in good standing, subject to the provisions of the constitution of TEP and shall be treated as any other member of the fraternity.

15.    Neither Broughty nor TEP shall be liable for or assume any legal fees or expenses of counsel to the Directors and Officers in this or the New York Action, including but not limited to any professional fees or expenses incurred in the retention of Greenbaum, Rowe, Smith & Davis LLP, Marks, O'Neill, O'Brien & Courtney, PC, and Michael Dailey. Flaster Greenberg and Muller, Longo & Company LLC served as prior professionals for TEP outside of the New York Action and the Bankruptcy Case and may have claims against TEP as set forth in the Schedules to the Petition.

16.    This Agreement is binding upon the parties hereto, their successors and assigns.

17.    Graber Medina LLC has and shall accept service of any and all Notices of Settlement on behalf of Broughty in his individual and representative capacity as nominee for the Plaintiffs in the New York Action and Movants in the Bankruptcy Action. The signature of Graber Medina LLC to this Settlement Agreement shall be binding upon Broughty, the Movants and Plaintiffs. Graber Medina LLC shall be responsible to provide prompt notice of these proceedings to Broughty, the Movants and Plaintiffs based upon Graber Medina LLC's representation that the firm represents Broughty, the Movants and Plaintiffs. Graber Medina LLC represents and warrants that it represents each and every one of the Movants and Plaintiffs and is authorized to accept service and bind the Movants and Plaintiffs to this Settlement Agreement. A list of the Movants and Plaintiffs is annexed as **EXHIBIT D**. Broughty represents individually that he is authorized to appear on behalf of the plaintiffs and movants on **EXHIBIT D**.

18.    This Settlement Agreement represents the entire agreement between the Settling Parties and may not be altered or modified except in writing and signed by all parties hereto.

19.    Except as to matters which pertain to the allowance of administrative claims and/or fees of the Trustee, jurisdiction as to the interpretation and implementation of this Agreement shall be reserved to the New York Supreme Court, New York County and all parties consent to and agree that exclusive jurisdiction over any and all disputes concerning this Agreement, TEP's governance or any other disputes between the parties, shall be in the New York Supreme Court, New York County.

20.    Unless otherwise specified by Court Order, all notices shall be sent in writing by overnight delivery service as follows:

If to the Debtor, the Directors and Officers:

David L. Bruck, Esq.
**Greenbaum, Rowe, Smith & Davis LLP**
99 Wood Avenue South
Iselin, New Jersey 08830
dbruck@greenbaumlaw.com

If to Broughty, Movants and Plaintiffs:

Daniel Graber, Inc.
**Graber Medina LLC**
The Chrysler Building
405 Lexington Avenue, 7th Floor
New York, New York 10174
dgraber@graberfirm.com

If to the Chapter 7 Trustee:

Joseph Marchand, Esq.
117-119 West Broad Street
P.O. Box 298
Bridgeton, New Jersey 08302
jdmarchand@comcast.net

**SIGNED, SEALED AND DELIVERED** as of the date first written above.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for the Directors and Officers, and
Tau Epsilon Phi Fraternity, Inc.


By:_____
              David L. Bruck, Esq.

**OFFICERS AND DIRECTORS:**

By:_____
     George Hasenberg

By:_____
     Clinton Hasenberg

By:_____
     Glenn S. Linder

By:_____
     Louis Degan

By:_____
     Brian Barrick

By:_____
     Mark L. Kay

By:_____
     Ted Bradpiece

**GRABER MEDINA LLC**
Attorneys for Nathaniel Broughty, individually and in
his representative capacity as Plaintiff in the New York
Action and the Movants in the Bankruptcy Action

By:_____
       Daniel Graber, Esq.

By:_____
     Nathaniel Broughty, individually and in his representative capacity

JOSEPH MARCHAND, as Chapter 7 Trustee
of Tau Epsilon Phi Fraternity, Inc.

By:_____
      Joseph Marchand, Esq.

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

**Greenbaum, Rowe, Smith & Davis LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for Debtor
David L. Bruck, Esq.

In re:                                                    Chapter 7 Proceeding

**TAU EPSILON PHI FRATERNITY, INC.,**         **Case No. 11-11844-GMB**

                            Debtor.

**ORDER, PURSUANT TO FED.R.BANKR.P. 9019, APPROVING SETTLEMENT
AND RELEASE AGREEMENT BY AND BETWEEN THE SETTLING PARTIES**

        The relief set forth on the following pages numbered two (2) and three (3) is

hereby **ORDERED.**

1299771.02

Page 2
Debtor:                   TAU EPSILON PHI FRATERNITY, INC.
Case No.:                 CASE NO. 11-11844-GMB
Caption of Order:         ORDER , PURSUANT TO FED.R.BANKR.P. 9019, APPROVING SETTLEMENT
                          AND RELEASE AGREEMENT BY AND BETWEEN THE SETTLING PARTIES

**THIS MATTER** having been opened to the Court by Greenbaum, Rowe, Smith & Davis LLP, counsel to the Debtor and George Hasenberg, Clinton Hasenberg, Glenn S. Linder, Louis Degan, Brian Barrick, Mark L. Kay, and Theodore Bradpiece (the "Directors and Officers"), for entry of an Order, pursuant to Fed.R.Bankr.P. 9019, approving Settlement and Release Agreement (the "Settlement Agreement") by and between the Settling Parties; and Nathaniel Broughty, individually and in his representative capacity on behalf of the Movants herein, being represented Graber Medina, LLC, and notice of the hearing having been given, and the Court having considered objections at the hearing held on May ___, 2011, and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.    The Settlement and Release Agreement is approved;

2.    Broughty is directed to deposit $_____ in escrow with the Trustee to be used by the Trustee to pay for estimated administrative expenses, fees and commissions as allowed by the Court, and for insurance for TEP for at least ninety (90) days. Any monies remaining after payment of the above shall be returned to Graber PLLC;

3.    The provisions of 11 U.S.C. §362 are vacated to permit the Settling Parties to comply with the provisions of the Settlement Agreement including, among other things, appearing before the New York Supreme Court Case identified as Index No. 651430/10 and dismissing all claims against the Directors and Officers as set forth in the Settlement Agreement;

4.    Upon compliance with the provisions of the Settlement Agreement and

1299771.02

Page 3
Debtor:            TAU EPSILON PHI FRATERNITY, INC.
Case No.:          CASE NO. 11-11844-GMB
Caption of Order:  ORDER , PURSUANT TO FED.R.BANKR.P. 9019, APPROVING SETTLEMENT
                   AND RELEASE AGREEMENT BY AND BETWEEN THE SETTLING PARTIES

---

completion by the Trustee of his duties as the Chapter 7 Trustee, the within Bankruptcy

Case shall be dismissed;

5.     Notice of the within motion to approve the Settlement was provided to all

scheduled creditors and those filing proofs of claim, Graber Medina LLC as counsel to

the Movants, the New York Attorney General, the Receiver in the New York Action, the

Trustee, the Directors and Officers, the individual Chapters of TEP and the membership

and alumnae of Tau Epsilon Phi Fraternity, the latter by posting of a notice of settlement

on the TEP Website, all such notices as approved by the Court by Order dated May __,

2011.  Notice upon the aforesaid parties as indicated herein is deemed adequate and

sufficient to bind said persons and parties;

6.     All Settling Parties, their successors and assigns, the Trustee and parties

receiving notice of this settlement as set forth above are bound by this Order.

7.     The fourteen (14) day period staying Orders granting relief from the

automatic stay pursuant to FRBP 4001(a)(3) is waived and the Order is deemed a Final

Order.

1299771.02

# EXHIBIT B

# JOINT PRESS RELEASE

A settlement of all claims between Nathaniel Broughty on behalf of himself and in his representative capacity and the Officers and Directors of Tau Epsilon Phi Fraternity, Inc., in the Chapter 7 Bankruptcy Case of Tau Epsilon Phi Fraternity, Inc., Case No. 11-11844-GMB, as well as in the New York State Supreme Court Case entitled <u>Nathaniel Broughty, et al. v. Goerge Hassenberg, et al.</u>, Index No.: 651430/10 (the "New York Action") has been finalized.    The settlement approved by the United States Bankruptcy Court provides for the dismissal of all claims against the Directors and Officers of Tau Epsilon Phi Fraternity, Inc. in the New York Action, the dismissal of the Chapter 7 Bankruptcy Case and the scheduling of elections of new officers and directors pursuant to a Plan to be provided by the Receiver in the New York Action.    The Settling Parties have expressed satisfaction with the settlement, thank each other for the cooperative spirit of the settlement, and look forward to the future of the Fraternity.

1297345.01

# EXHIBIT C

## EXHIBIT C

### Nominees for Interim Grand Council

| | |
|---|---|
| Consul | Lane Koplon |
| 1st Vice Consul | Scott Lakernick |
| 2nd Vice Consul | Marc Tolman |
| 3rd Vice Consul | Andrew Comiter |
| Undergrad Vice Consul | Kyle Miller |
| Quaestar (Treasurer) | Ted Panczyszyn |
| Tribune (Secretary) | Robert Calhoun |
| Preator | Ken Hurtado |
| Member at Large | Tim Smith |
| Member at Large | Glenn Dewar |
| Member at Large | DJ Jones |
| Member at Large | Thomas Gilmour |
| Member at Large | Brian Dungey |
| Member at Large | Nathaniel Broughty |
| Member at Large | Jonathan Schmerin |

# EXHIBIT D

## LIST OF PLAINTIFFS

**INDIVIDUAL PLAINTIFFS:**

| | |
|---|---|
| NATHANIEL BROUGHTY | AVI SHRAIBMAN |
| DEMETRIS IOANNOU | JONATHAN WOLF |
| OSCAR AMIGON | ERIC LUDOVICI |
| KEN HURTADO | PETER ARNOLD |
| OMAR WHITE | RUBEN A. RIVERA |
| WILLIAM BAGBY | THOMAS DUNN |
| MARC TOLMAN | THOMAS P. LARSON |
| CHRISTOPHER MONTANEZ | CHARLES DIGRUCCIO |
| ADAM GROUVEIA | JASON AFFOURTIT |
| STEVEN JOHNSON | BRIAN SCHERER |
| JOSE TORRES | JOHN DAMALAS |
| TED PANCZYSZYN | JOSIP BRLETI |
| JOSH KARP | DANE FAWKES |
| RICHARD KRAMER | MICHAEL GRZEGORSKI |
| MATTHEW FRANCIS | MICHAEL GIGLIOTTI |
| MATTHEW LaMONTE | CHRISTOPHER HO |
| NAN ZHANG | MICHAEL GUZEWICZ |
| EVANGELOS PATRAKAS | ERIC MARKIEWICZ |
| JON TILLS | ERIK MUNDY |
| MARCEL DIXON | DANIEL MONTANEZ |
| JUPNIT SINGH | WILLIAM M. TURO |
| MANUEL ZILLOA | ROGER TSUI |
| PICASSO APONTE | MANNY FEGUIERE |
| MATTHEW J. BOUCHER | KYLE Z. PAPKIN |
| SANANDEESH KAMAT | RICHARD HOBSON |
| WLLIAM PORTER | MICHAEL A. MURPHY |
| TIMOTHY SMITH | WILLIAM MCGRATH |
| LIAM BOWEN | TODD SCOTTI |
| KEVIN MENEAR | WILLIAM T. COLLISAN |
| AREN PASTEIL | ERIK J. ZEAGEN |
| DEMETRI KARANIKOS | FRANCOIS BAILLARGEON |
| ZACHARY WHITEMAN | CHARLES J.M. CAFFERATA JR. |
| JARRET FARNITANO | NICK PAPAIOANNOU |
| STEVEN WACKS | ERIC FEFFERMAN |
| MICHAEL KESSLER | AUSTIN P. WALLER |
| EVAN KEEGAN | MICHAEL CURLEY |
| ANDREW DOUGLAS | ROBERT SPIEGEL |
| MATTHEW FORGET | BRIAN FEFFERMAN |
| BRYAN CLARK | ERIC TAN |
| KEVIN LUCZAK | ALIREZA AHMADI |
| IAN DAVIS | JEFF O'DONNELL |
| WILLIAM LIU | ZIA WAHAB |
| JEREMY SCUTERI | CHRISTOPHE BAILLARGEON |
| BRENDAN HATHAWAY | GLEN DEWAR |
| JOSHUA JORDAN | JOHN MULLER |

| | |
|---|---|
| CHRISTOPHER J. BAROWN | JOSEPH KURTH JR. |
| JUSTIN A. MAGUINO | RYAN CHIU |
| PAUL SCHWARTZBERG | MARK C. THOMCHES |
| JESSE WILLIAMS | PAUL NEWFELD |
| WILLIAM MALONEY | ANDREW SUDBURY |
| VINCENT F. BARBER | BRIAN T. NELTER |
| HENRY J. COHEN | ROBERT B. CALHOUN |
| AUSTIN TSANG | DOMINIC PANDOLFINO |
| THOMAS B. FANGMANN | MICHAEL FALLEN |
| ROY HWANG | DARRIC JONES |
| DONALD J. DEROCHER | |

**CHAPTER PLAINTIFFS:**

SIGMA EPSILON CHAPTER OF TAU EPSILON PHI AT RUTGERS-CAMDEN

EPSILON THETA CHAPTER OF TAU EPSILON PHI AT QUEENS COLLEGE

EPSILON IOTA CHAPTER OF TAU EPSILON PHI AT RENSSELAER POLYTECHNIC
INSTITUTE

XI CHAPTER OF TAU EPSILON PHI AT MASSACHUSSETTES INSTITUTE OF
TECHNOLOGY

ALUMNI ASSOCIATION OF XI CHAPTER OF TAU EPSILON PHI AT
MASSACHUSSETTES INSITUTE OF TECHNOLOGY