| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| **Greenbaum, Rowe, Smith & Davis LLP** <br> Metro Corporate Campus One <br> P.O. Box 5600 <br> Woodbridge, New Jersey 07095 <br> (732) 549-5600 <br> Attorneys for Debtor <br> David L. Bruck, Esq. |
| In re: |
| **TAU EPSILON PHI FRATERNITY, INC.,** |
| Debtor. |

Order Filed on 5/17/2011 by Clerk U.S. Bankruptcy Court District of New Jersey

Chapter 7 Proceeding

**Case No. 11-11844-GMB**

**ORDER, PURSUANT TO FED.R.BANKR.P. 9019, APPROVING SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN THE SETTLING PARTIES**

The relief set forth on the following pages numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: 5/17/2011**

_____
Honorable Gloria M Burns
United States Bankruptcy Court Judge

1299771.06

Debtor: TAU EPSILON PHI FRATERNITY, INC.
Case No.: CASE NO. 11-11844-GMB
Caption of Order: **ORDER , PURSUANT TO FED.R.BANKR.P. 9019, APPROVING SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN THE SETTLING PARTIES**

_____

**THIS MATTER** having been opened to the Court by Greenbaum, Rowe, Smith & Davis LLP, counsel to the Debtor and George Hasenberg, Clinton Hasenberg, Glenn S. Linder, Louis Degan, Brian Barrick, Mark L. Kay, and Theodore Bradpiece (the "Directors and Officers"), for entry of an Order, pursuant to Fed.R.Bankr.P. 9019, approving Settlement and Release Agreement (the "Settlement Agreement") by and between the Settling Parties; and Nathaniel Broughty, individually and in his representative capacity on behalf of the Movants herein ("Broughty"), being represented Graber Medina, LLC; and Joseph Marchand, the Chapter 7 Trustee (the "Trustee"); the Directors and Officers, the Debtor, Broughty and the Trustee, being collectively referred to as the "Settling Parties", and notice of the hearing having been given, and the Court being advised by the Trustee that the limited objection filed by the Trustee has been resolved and that the Trustee consents to the Settlement; and there being no other objections filed or presented at the hearing held on May 9, 2011; and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.   The Settlement and Release Agreement is approved;

2.   Broughty has established an escrow account in which $50,000 has been deposited to pay for Court approved administration expenses of the Chapter 7 Trustee and to pay valid claims of creditors listed in the schedules to the Petition and as filed in the Claims Register in the ordinary course.  Broughty shall pay any Court approved administration expenses of the Chapter 7 Trustee;

3.   The provisions of 11 U.S.C. §362 are vacated to permit the Settling Parties to comply with the provisions of the Settlement Agreement including, among

Debtor:             TAU EPSILON PHI FRATERNITY, INC.
Case No.:           CASE NO. 11-11844-GMB
Caption of Order:   **ORDER , PURSUANT TO FED.R.BANKR.P. 9019, APPROVING SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN THE SETTLING PARTIES**

___

other things, appearing before the New York Supreme Court Case identified as Index No. 651430/10 and dismissing all claims against the Directors and Officers as set forth in the Settlement Agreement;

4. The within Bankruptcy Case is dismissed. The Court reserves jurisdiction for the limited purpose of considering the Trustee's application for allowance of fees and other administrative matters, and as such matters pertain to the Trustee and the bankruptcy procedure, all in the ordinary course;

5. Notice of the within motion to approve the Settlement was provided to all scheduled creditors and those filing proofs of claim, Graber Medina LLC as counsel to the Movants, the New York Attorney General, the Receiver in the New York Action, the Trustee, the Directors and Officers, the individual Chapters of TEP and the membership and alumnae of Tau Epsilon Phi Fraternity, the latter by posting of a notice of settlement on the TEP Website, all such notices as approved by the Court by Order dated April 29, 2011. Notice upon the aforesaid parties as indicated herein is deemed adequate and sufficient. All parties receiving notice shall be bound to the terms of the Settlement upon entry of this Order, with the exception of the New York Attorney General and the Receiver in the New York Action;

6. All Settling Parties, their successors and assigns, the Trustee and parties receiving notice of this settlement as set forth above, except the New York Attorney General and the Receiver in the New York Action, are bound by this Order;

7. The fourteen (14) day period staying Orders granting relief from the automatic stay pursuant to FRBP 4001(a)(3) is waived and the Order is deemed a Final Order.

1299771.06

*Approved by Judge Gloria M. Burns May 17, 2011*